**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                            Case No. 98-cr-120-01-PB

Roth Chhien

**O R D E R**

The defendant, Roth Chhien, moved for court appointed counsel to assist him in the pursuit of a sentence reduction based upon the cocaine base ("crack cocaine") amendment to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("Fair Sentencing Act") (document no. 79). That amendment was given retroactive effect on November 1, 2011. Because there is no reasonable probability that the defendant is entitled to a sentence reduction based on this retroactive amendment, his request for counsel is DENIED.

The 2010 Fair Sentencing Act, by omission, prohibits persons who received a career offender guideline sentence from receiving a sentence reduction based upon the retroactive application of the cocaine base amendment. Specifically, the United States Sentencing Commission amended § 1B1.1, (Application Instructions)

and adopted a three-step approach to determine the sentence to be imposed. Under § 1B1.1, the court first determines the guideline range and then considers any departures or variances. Consistent with that approach, the proposed guideline at §1B1.10, comment (n.1[A]) was also amended to reflect that "eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variances.)." The only exception to reducing the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range would be a sentence which resulted from a downward departure pursuant to a government motion for substantial assistance, which has no application in this case.

Thus, because the defendant received a career offender guideline sentence, and that guideline was not lowered by the 2010 Fair Sentencing Act cocaine base amendment, he is not eligible for a further reduction of his sentence. As a result,

it would be futile, and an unnecessary expenditure of taxpayer monies, to appoint counsel to pursue a sentence reduction on his behalf.  Defendant's motion to appoint counsel (document no. 79) is DENIED.

    **SO ORDERED.**

Date: January 23, 2012        /s/ Paul J. Barbadoro
                                         Paul J. Barbadoro
                                         United States District Judge

cc:   Roth Chhien, pro se
      Counsel of Record